# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HAROLD G. MARTIN,**

        **Plaintiff,**

**-vs-**                                      **Case No. 6:06-cv-1380-Orl-28KRS**

**LJC CONTRACTING COMPANY, INC.
and U.S. ARMY CLAIMS SERVICE,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS (Doc. No. 24)** |
| **FILED:** | **March 5, 2007** |

    Plaintiff Harold G. Martin filed a Notice of Appeal on March 5, 2007, doc. no. 23, seeking review of the Court's Order, doc. no. 22, granting Defendant United States of America's Motion to Dismiss, doc. no. 13.  Thereafter, Martin filed the present motion seeking to proceed in forma pauperis on appeal.

    Federal Rule of Appellate Procedure 24(a)(3) provides that "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: . . . the district court—before or after the notice of appeal is

filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or . . . a statute provides otherwise."

Subject to certain limited exceptions, the court of appeals only has jurisdiction to hear final decisions of the district courts. 28 U.S.C. §§ 1291, 1292. "[A] decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204 (1999) (internal quotations omitted). Because the court of appeals will not have jurisdiction, an appeal of non-final orders is not taken in good faith unless it qualifies as an appealable interlocutory order under either 28 U.S.C. § 1292 or the collateral order doctrine. *See Cunningham*, 527 U.S. at 202-04. *See also Jackson v. Grimes*, No. 6:05-CV-1643-ORL-19KRS, 2006 WL 3842091, at *1 (M.D. Fla. Dec. 8, 2006); *Bethel v. City of Daphne*, Civil Action No. 06-0626-KD-B, 2006 WL 3834274, *2 (S.D. Ala. Dec. 27, 2006) ("Since it is apparent that appellate jurisdiction is lacking over this interlocutory matter, the undersigned concludes that plaintiffs' appeal of the November 3, 2006 order is without arguable merit as a matter of law [and] . . . that it is not taken in good faith.").

In the present action, the Court's Order granting the United States of America's Motion to Dismiss is not a final order. Martin's claims against Defendant LJC Contracting Company, Inc. are still pending. Martin has not requested leave to appeal under § 1292, and he presents no basis to conclude that an appeal is appropriate under the collateral order doctrine. Accordingly, the request for permission to appeal in forma pauperis is premature.

Because Martin's Notice of Appeal is not related to an appealable final order or otherwise appealable, I respectfully recommend that the motion be **DENIED**, and that the Court **CERTIFY** that the appeal is not taken in good faith. The Clerk of Court should serve a copy of the Court's ruling on this Report and Recommendation on the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 30, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy